# NOTES OF CAUSES

Decided during the period comprised in this Volume, and not reported in full.

---

No. 2625. CHAMBERLAIN *v.* BROWN. November Term, 1889. A single woman is the head of a family, and as such entitled to a homestead in a tract of land owned by her in fee, where she supports an invalid sister who resides with her (the homestead claimant), and has no other means of support. Judgment (Fraser, J.) affirmed. OPINION by MR. JUSTICE McGOWAN, April 28, 1890. *Benet & Cason,* for appellant. *W. S. Monteith,* contra.

No. 2626. LOWE *v.* CARLISLE. November Term, 1889.

Elias Lowe died intestate in 1870 and his widow Lucy administered, giving bond with Perry Dye as surety. Mrs. Lowe died in 1873, and the said Dye became administrator *de bonis non* of Elias Lowe's estate, and gave bond with Simpson Bobo as surety thereon. In 1885, proceedings were instituted in the proper Probate Court by the distributees of Elias Lowe against Perry Dye (then absent from the State) and Simpson Bobo for a settlement of the estate. Perry Dye appeared by counsel. To this proceeding no representative of Mrs. Lowe's estate was a party. The Probate Court charged Perry Dye with a balance in his hands on account of his administration, and with a further sum on account of a *devastavit* by Mrs. Lowe, the first administratrix. From this decree there was no appeal, and Bobo paid the balance arising from Dye's administration of the assets received, but refused to pay for Mrs. Lowe's *devastavit*.

Thereafter, in September, 1888, one of the distributees of Elias Lowe's estate brought this action against the executor of Simpson Bobo, deceased, for plaintiff's share of the unpaid decree of the Probate Court. The Circuit Judge (Hudson) charged the jury that the liability of Mrs. Lowe could not be ascertained in

the absence of any personal representative of her estate; and therefore that so much of the Probate Court decree as attempted to do so, was error.   Under this charge the verdict was for defendant, and plaintiff appealed.   *Held:*

1. That Dye being represented by counsel was bound by the decree then made, and so was Bobo, his surety, who was also a party to that proceeding.

2. That this decree of the Probate Court having charged Dye with the *devastavit* of his predecessor in office (which it was Dye's duty to collect), Bobo, the surety and a party to that decree, not having appealed, is now bound by it.

OPINION by MR. JUSTICE McGOWAN, April 29, 1890.   *Nicholls & Moore*, for appellant.   *D. E. Hydrick*, contra.

No. 2630. HUFF *v.* LATIMER.   April Term, 1890.

On the call of this case for argument (see *ante*, page 255), respondent moved to dismiss the appeal on the ground that the appeal had been taken before the entry of judgment in the Circuit Court. The motion was refused PER CURIAM, May 14, 1890, as the Brief did not show the fact to be as alleged.

No. 2631. STATE *v.* HIGHTOWER.   April Term, 1890.   This was an appeal dismissed PER CURIAM, May 15, 1890, without prejudice, no final judgment having been rendered, the sentence of the Circuit Court being sealed up and not yet pronounced.

No. 2634. LOMBARD *v.* BROWN.   April Term, 1890.   On motion of respondent, the appeal in this case was declared abandoned and the defendant allowed to proceed as if no appeal had been taken, it appearing that the Case as settled had not been filed in the office of the clerk of the Circuit Court within ten days after settlement, as required by rule 49 of the Circuit Court. Order PER CURIAM, May 28, 1890.   *Robert Aldrich*, for the motion.   *James E. Davis*, contra.

No. 2635. PENDER *v.* LANCASTER.   April Term, 1890.   On motion of respondent, the appeal in this case was declared to have been waived by appellants' failure to serve a Case as required by law.   PER CURIAM, May 28, 1890.